**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION**

LISA R.  MURPHY                                                                   PLAINTIFF

v.                                      CIVIL No.: 6:11-cv-06049

HOT SPRINGS COUNTY                                                       DEFENDANT

<u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Before the Court is Plaintiff's Complaint.  ECF No.  2.  Plaintiff's Complaint was filed by

utilizing a form entitled "Form to be Use by Prisoners in Filing a Complaint Under the Civil Rights

Act, 42 U.S.C. § 1983."  *Id.*  Plaintiff did not pay the full filing fee for this action, but instead filed

a Motion for Leave to Proceed *in forma pauperis* ("IFP").  ECF No.  1.  Pursuant to the provisions

of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Judge

Robert T.  Dawson, United States District Judge for the Western District of Arkansas.

The matter is presently before the Court on Plaintiff's Motion to Proceed IFP.  ECF No.  1.

For the reasons stated below, it is the recommendation of the undersigned that Plaintiff's IFP

Application be denied and the Complaint be dismissed.

I.      **BACKGROUND**

The following information was presented to the Court in Plaintiff's Complaint.  ECF No.

2.  Plaintiff states that she is suing Judge Chris Williams, but since he is immune from suit, she has

named Hot Springs County.  *Id.*  Specifically, Plaintiff states that approximately ten years ago she

presented in Court in front of Judge Williams, who recused due to a conflict of interest.  *Id.*  Plaintiff

now has two pending charges out of Hot Springs County and Judge Williams is the presiding judge

but "refuses to recuse."  *Id.*   Plaintiff further alleges Judge Williams has denied her a "72 h[our]

bond hearing" and has ordered her to be detained in an all-male facility, in the bathroom floor of that

facility. *Id.* Plaintiff states she has subsequently been moved to a holding cell, but that Judge Williams is unaware of the move and that all of the detention officers have implored him to release her. ECF No. 2.

For relief, Plaintiff is seeking $900,000.00 in damages, and further requests that "policy of this department be followed." *Id.*

## II.   APPLICABLE LAW

Because Plaintiff is a prisoner who is seeking redress from governmental agents and entities, her Complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a). The statute, which is part of the Prison Litigation Reform Act of 1995 ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. The Court must dismiss the Complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

In reviewing an IFP, there is a two-step process followed by the court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the Complaint to be filed. Second, a determination of whether the cause of action stated in the Complaint is frivolous or malicious and, if so, to dismiss the Complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b) (On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief); *see also* 28 U.S.C. § 1915(c)(2)(B)(i-iii).

## III.    DISCUSSION

Regarding the first step in review of Plaintiff's IFP application, in her affidavit, Plaintiff states she has no funds or income.  ECF No.  1.  However, the Arkansas Department of Correction states the average monthly deposit into Plaintiff's account was $584.44, with an average balance of $1,190.05.  ECF No.  1. The information supplied by Plaintiff demonstrates she would not qualify by economic circumstance for IFP status.   However, the Eighth Circuit has made clear that determining whether a complaint is frivolous or malicious precedes the decision whether to grant IFP status and whether to order issuance and service of process.  *Gentile v. Missouri Dept. of Corrections*, 986 F.2d 214, 217 (8th Cir. 1993).  Accordingly, as Plaintiff is subject to review under the provisions of Section 1915A, the Court will now turn to the content of her Complaint.

The Complaint fails to state a claim on which relief may be granted under the Constitution or laws of the United States.   *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff has made clear her intended Defendant, Judge Williams, is immune from suit.  In his stead, she has attempted to name Hot Springs County.  However, she has stated no policy, custom, or practice of Hot Springs County which would  subject  it  to  liability  under  Section  1983.    Therefore,  the  Complaint  should  be dismissed, regardless of Plaintiff's IFP status.

### A.    Judge Chris Williams

As Plaintiff recognized in her Complaint, Judge Chris Williams is immune from suit under Section 1983. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983

liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

Furthermore, Plaintiff may not try to circumvent the immunity of Judge Williams by naming another party. *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (section 1983 liability requires some personal involvement or responsibility).

### B.      Hot Springs County, Arkansas

It is well-settled law that municipalities are not liable for constitutional violations unless those violations were a product of a municipal custom or policy. *See Monell v. New York Department of Social Services*, 436 U.S. 658, 694 (1978) ("Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Plaintiff in this case has identified no custom or policy by Hot Springs County. Moreover, Plaintiff has also failed to allege how any custom or policy caused her constitutional harm.

### C.      Claims Identified in the Complaint

Plaintiff has alleged claims surrounding her pending charges in state court, but is still in jail awaiting trial on the pending criminal charges. ECF No. 2, ¶ V. Plaintiff's claims are barred under the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 59 (1971). The *Younger* doctrine provides that federal courts should abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests, and when that proceeding affords an adequate opportunity to raise the federal questions presented. *See Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). Because Plaintiff's state criminal case is still pending, "a federal court must not, save in exceptional and extremely limited circumstances, intervene by way of either

-4-

injunction or declaration in an existing state criminal prosecution." *Younger*, 401 U.S. at 56. Although a narrow exception to the *Younger* abstention doctrine exists when a criminal prosecution is initiated "to retaliate for or discourage the exercise of constitutional rights," no such bad faith is apparent here. *See Mershon v. Kyser*, 852 F.2d 335, 337 (8th Cir. 1988). Further, Plaintiff has not alleged that the state court proceeding will not provide her with an adequate opportunity to raise her federal constitutional claims. While it has been held that the better practice is to issue a stay rather than dismissal in such claims, due to the other deficits in Plaintiff's Complaint, as referenced above, the undersigned recommends dismissal. *See Yamaha Motor Corp. v. Stroud*, 179 F.3d 598 (8th Cir. 1999) (stay rather than dismissal appropriate when damages are sought and court is not being asked to declare a state statute unconstitutional).

## IV.    CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint, ECF No. 2, be **DISMISSED** in its entirety for failure to state a claim.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 7th day of November 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE